UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00196-RJC-SCR

| | |
|---|---|
| P1 GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RIPKURRENT, LLC, et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a "Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim" submitted by Defendants RipKurrent, LLC ("RipKurrent"), Dye Capital & Company, LLC ("Dye Capital"), and Justin C. Dye ("Mr. Dye") (Doc. No. 23) and "Plaintiff's Alternative Motion for Jurisdictional Discovery." (Doc. No. 27).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. See Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993). Where the issue of personal jurisdiction is disputed, the Court may order discovery directed at jurisdictional issues. Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous.") (citations omitted). "Numerous district courts within the Fourth Circuit have permitted jurisdictional discovery where disputes exist in the record or where

further exploration of jurisdictional facts is warranted." T & S Brass & Bronze Works, Inc. v. Greenfield World Trade, Inc., Civ. No. 6:08-1987-HFF, 2009 WL 10678290 at *1 (D.S.C. Mar. 12, 2009) (collecting cases and citing Tuttle Dozer Works, Inc. v. Gyro-Trac, Inc., 463 F. Supp. 2d 544, 548 (D.S.C. 2006) (permitting discovery into personal jurisdiction issue); Burns & Russell Co. v. Oldcastle, Inc., 166 F. Supp. 2d 432, 442 (D. Md. 2001) (granting request for jurisdictional discovery to explore jurisdictional facts); Coastal Video Commc'ns, Corp. v. Staywell Corp., 59 F. Supp. 2d 562, 572 (E.D. Va. 1999) (allowing jurisdictional discovery due to gaps in record regarding business contacts and Internet-based contacts)); see also Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, No. CIV. WDQ-09-2651, 2010 WL 889551, at *7 (D. Md. Mar. 5, 2010).

Here, Plaintiff has initiated a lawsuit against Defendants related to an alleged failure to pay under a "contract" between Plaintiff P1 Group and Defendant RipKurrent for work in North Carolina. (Doc. No. 22 ¶¶ 28-41). Plaintiff brings claims of breach of contract, fraudulent transfer, quantum merit, and seeks to pierce the corporate veil. (Doc. No. 22). Defendants filed a Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim. (Doc. No. 23). As to the personal jurisdiction issue, Defendants argue that the Amended Complaint should be dismissed as to Dye Capital and Mr. Dye (collectively the "Dye Defendants") because they have no contacts with North Carolina that give rise to either general or specific jurisdiction. (Doc. No. 23-1 at 2). Plaintiff filed a response to the Motion to Dismiss (Doc. No. 26), and simultaneously filed an "Alternative Motion for Jurisdictional Discovery." (Doc. No. 27).

Plaintiff argues that jurisdictional discovery should be permitted in order to respond to the Dye Defendants' challenge to personal jurisdiction. Plaintiff alleges, among other things, that:

- RipKurrent and Dye Capital shared the same business address, officers, and partners. (Doc. No. 22 ¶¶ 6-16).

- Florida Secretary of State filings for RipKurrent listed "Justin C. Dye" as the Registered Agent and as CEO. (Doc. No. 22-10).

- In another federal case, RipKurrent LLC disclosed that Justin C. Dye was its "sole managing member." (Doc. No. 22-8 & 22-9).

- Mr. Dye and Dye Capital directed RipKurrent to file an administrative dissolution to cease RipKurrent's operations in an attempt to insulate Mr. Dye and Dye Capital from liability. (Doc. No. 22 ¶¶ 53-55).

- Nirup Krishnamurthy ('Mr. Krishnamurthy") is a partner of Dye Capital. (Doc. No. 22 ¶ 11). According to dyecapital.com (a now defunct website), Nirup Krishnamurthy is or was the "Chief Innovation Officer of RipKurrent – A Dye Capital Company." (Doc. No. 22 ¶ 12).[1]

- Jade Culbertson ("Mr. Culbertson") also was a partner in Dye Capital and was the co-founder and Chief Growth Officer of RipKurrent. (Doc. No. 22 ¶¶ 9-10).

The Dye Defendants maintain they were never members of RipKurrent (Doc. No. 29 at 2), but certain court filings pointed to by Plaintiff may indicate otherwise. Plaintiff submitted a federal filing from the U.S. District Court for the Southern District of Florida wherein RipKurrent represented that Justin C. Dye was RipKurrent's "sole managing member." (Doc. No. 22-8 & 22-

---

[1] Contrary to Plaintiff's allegation, Defendant submits the affidavit of Allen Brooke, who avers that he "was the only employee of both RipKurrent and Dye Capital, and only worked for RipKurrent on a part-time basis." (Doc. No. 23-5).

9). Defendants state these federal filings were "in error" without any further explanation and do not indicate whether the error was corrected. (Doc. No. 23-1 at 7).

Defendants submitted with its Motion to Dismiss the Second Amended Complaint a document labeled "Second Amended and Restated Limited Liability Company Agreement of RipKurrent LLC" ("LLC Agreement") dated September 19, 2019, which lists under "Company" "RipKurrent LLC" Justin Dye's name with signature lines in his capacity as CEO and as a Board of Director. (Doc. No. 23-6). In the LLC Agreement, under "Members" "Dye Capital LLLP" is listed along with Justin Dye as "Authorized Signatory" and other individuals not party to this action. (Doc. No. 23-6).[2]

Considering all of this, the jurisdictional facts are indeed disputed, but should be easily clarified through limited discovery that will benefit both the parties and the Court in resolving Defendants' challenge to personal jurisdiction. The Court therefore finds that jurisdictional discovery is warranted, and the parties should conduct limited jurisdictional discovery consistent with this Order. Accordingly, the Court will grant Plaintiff's Alternative Motion for Jurisdictional Discovery and administratively <u>deny</u> Defendants' Motion to Dismiss without prejudice to renewing the Motion following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's Alternative Motion for Jurisdictional Discovery" (Doc. No. 27) is **GRANTED**. The parties shall conduct limited jurisdictional discovery with a deadline of **January 10, 2024.** Specifically, Plaintiff may serve (i) serve up to six interrogatories and ten requests for

---

[2] At this stage, the Court is not adopting facts or engaging in fact-finding, but rather enumerates the alleged facts, position of the parties, and why limited jurisdictional discovery is appropriate. However, Defendants and counsel are cautioned to closely review statements made to this Court to ensure their accuracy. Misrepresentations of any facts, if any, or failure to correct misstatements, if any, will not be tolerated and may result in sanctions.

production on each Defendant; and (ii) take up to four depositions including two Rule 30(b)(6) depositions. Discovery at this stage shall be limited to the issues raised in the Defendants' Motion to Dismiss Second Amended Complaint for Lack Personal Jurisdiction, including personal jurisdiction issues related to the Dye Defendants' conduct towards the forum state.

2. Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction…" (Doc. No. 23) is **ADMINISTRATIVELY DENIED WITHOUT PREJUDICE**, and Defendants may renew the Motion following completion of jurisdictional discovery.

3. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: September 12, 2023

Susan C. Rodriguez
United States Magistrate Judge